**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4302**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

RICKY BRIAN RIDINGS,

                Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:08-cr-00823-PMD-1)

Submitted:  January 19, 2011        Decided:  February 16, 2011

Before KING, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a hearing, the district court revoked Ricky Ridings' probation and sentenced him to twenty-four months in prison, to be followed by three years on supervised release. Ridings now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming the sentence is unreasonable but stating that there are no meritorious issues for appeal. Ridings was advised of his right to file a pro se brief, but did not file such a brief. We affirm.

At the revocation hearing, Ridings admitted that he had violated certain terms of probation as charged. The parties agreed that Ridings, who was in criminal history category I, had committed Grade C violations, and that the recommended Guidelines range was three - nine months in prison. See U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2008). After hearing from counsel and Ridings, the district court revoked probation and imposed sentence.

In the Anders brief, counsel argues that the sentence is unreasonable. "[W]e review probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). We first consider whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). In determining reasonableness, we

2

follow generally the procedural and substantive considerations employed in reviewing original sentences. Id. "This initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." Moulden, 478 F.3d at 656 (quoting Crudup, 461 F.3d at 439). If a sentence imposed upon revocation is reasonable, we will not consider whether it is plainly unreasonable and will affirm. Crudup, 461 F.3d at 439.

Here, our review of the record reveals that the sentence is reasonable. The district court correctly calculated the Guidelines range and sentenced Ridings within the statutory maximum of ten years, see 18 U.S.C. § 2314 (2006). While the twenty-four-month sentence is above the advisory Guidelines range, the district court adequately expressed its reason for the variance. Specifically, the court observed that Ridings had engaged in criminal activity while on probation and had thereby "gamed the system" in disregard of the court's leniency at his original sentencing, where the court imposed probation, rather than a term of imprisonment.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Ridings, in writing, of his right to petition the Supreme

3

Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Ridings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED